**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AARON JOSEPH CUNNINGHAM,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 23-35262

D.C. No. 4:22-cv-05165-MKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted September 12, 2023**

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Federal pretrial detainee Aaron Joseph Cunningham appeals from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition challenging his pretrial detention and seeking $ 100,000,000 in gold bullion. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see McNeely v.*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Blanas*, 336 F.3d 822, 826 (9th Cir. 2003) and we affirm.

Cunningham's claim that pretrial detention categorically violates defendants' due process rights fails. *See United States v. Salerno*, 481 U.S. 739, 742, 751-55 (1987). Even assuming Cunningham can assert individualized challenges to his pretrial detention in a § 2241 petition—an issue we need not and do not decide—he has not shown any constitutional violations here.[1]

This disposition is without prejudice to any motion Cunningham's counsel may wish to file in his ongoing criminal proceedings in the district court challenging his pretrial detention.

We do not consider Cunningham's remaining arguments, which he raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED**.

---

[1] Even if Cunningham could establish that his pretrial detention violated his constitutional rights, he cannot seek damages on that basis. *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004) ("damages are not an available habeas remedy").

23-35262